U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JAN 3 0 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| WILLARD JAMES CASTILLE | CIVIL ACTION NO. 05-1376 |
| VERSUS | JUDGE DONALD WALTER |
| LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY | MAGISTRATE JUDGE KAY |

## MEMORANDUM OPINION

Before the court is a Motion for Summary Judgment filed by Defendant, Louisiana Health Service & Indemnity Company [Record Document 29]. For the reasons set forth below, Defendant's Motion is GRANTED.

### I. FACTUAL BACKGROUND

In October 2003, Plaintiff William James Castille ("Castille") enrolled as a participant and beneficiary of the a health insurance policy ("the Plan"), issued by Defendant, Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana ("Blue Cross"), effective November 1, 2003. On March 19, 2004, Castille was treated for an ear infection and tremors. He was referred to a neurologist, Dr. Odenheimer, for the tremors and memory disturbance. An MRI of the brain revealed an acute intracranial hemorrhage. Castille was admitted to the hospital "for evaluation and treatment of his intracranial hemorrhage, tremors, uncontrolled hypertension and Rikettsia titer." [Rec. Doc. 1, ¶ 3]. He incurred over $30,000 in medical expenses as a result of his treatment.

Blue Cross refused to pay these medical expenses on the basis that they were related to a pre-

1

existing condition, namely uncontrolled hypertension. Castille admits that he was diagnosed with a mild form of hypertension prior to issuance of the Blue Cross policy and was being treated with high blood pressure medication. However, he argues that the condition for which he is seeking payment for is "malignant hypertension (arteriolar nephrosclerosis)," which is unrelated to ordinary high blood pressure. See Rec. Doc. 24.

The Blue Cross Plan defines "Pre-Existing Condition" as "[a] physical or mental condition for which medical advise, diagnosis, care or treatment was recommended or received within the six (6) month period immediately prior to the Enrollment Date." See Blue Cross Plan, p.18. Pre-existing conditions are expressly excluded from coverage for the twelve (12) month period following the effective date of the policy, subject to prior creditable coverage under HIPAA. See Id., at 59. Under the policy, Castille's waiting period expired on April 22, 2004. See AR 003; Rec. Doc. 26.

Castille filed a Petition for Contractual Damages and Penalties in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana [Rec. Doc. 1]. On July 28, 2005, the matter was removed to the Western District of Louisiana. Castille claims the Blue Cross Plan provides coverage for the treatment he received in March 2004, and requests that he be awarded reasonable compensation for his damages.[1] On January 19, 2009, Blue Cross filed a Motion for Summary Judgment. Blue Cross contends that it is entitled to judgment as a matter of law because its determination of Castille's eligibility for benefits and its interpretation of the Plan are legally correct

---

[1] Castille requests "damages, for the double penalty provided by Louisiana Revised Statutes 22:657, reasonable attorney's fees, in addition to judicial interest, all costs of these proceedings, and such general and equitable remedies as may be available." [Rec. Doc. 1]. Nevertheless, ERISA preempts all state claims for penalties and attorney fees and are not appropriate remedies in this action. See E.I. Dupont de Nemours & Co. V. Sawyer, 517 F.3d 785, 797 (5th Cir. 2008).

and should be given great deference by the court. See Rec. Doc. 30.

## II. STANDARD OF REVIEW

The parties have stipulated that the Plan is subject to the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. § 1001-1461. Generally, a denial of benefits under an ERISA plan is reviewed under a *de novo* standard. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S. Ct. 948, 956 (1989). However, the court applies an abuse-of-discretion standard when "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Id. at 115, 109 S. Ct. at 956-57. The Blue Cross Plan provides Blue Cross "full discretionary authority to determine eligibility for Benefits and/or construe the terms of this Benefit Plan." [Rec. Doc. 26, Blue Cross Plan, p. 65]. Thus, abuse-of-discretion is the appropriate standard of review in this case.

In determining whether a plan administrator has abused its discretion, the court must consider whether the decision was arbitrary or capricious. Sweatman v. Commercial Union Ins. Co., 39 F.3d 594, 601 (5th Cir. 1994). A decision is arbitrary or capricious only if "made without a rational connection between the known facts and the decision or between the found facts and the evidence." Meditrust Fin. Servs. Corp. v. Sterling Chemicals, Inc., 168 F.3d 211, 215 (5th Cir. 1999) (quoting Bellaire Gen. Hosp. v. Blue Cross Blue Shield, 97 F.3d 822, 828-29 (5th Cir. 1996)). As a general rule, the court's review is confined to the record available to the administrator at the time the claim was denied. Id. The only exceptions applied by the courts relate to how an administrator has interpreted the plan in other instances or explaining medical terms and procedures relating to the claim. Vega v. Nat. Life Ins. Servs., Inc., 188 F.3d 287, 299 (5th Cir. 1999).

On November 18, 2008, Castille filed a notice stating that he did not stipulate to the submission of the case on the administrative record and requested that the court allow him to submit expert testimony regarding "malignant hypertension" and whether it should be considered a pre-existing condition under the Plan. [Rec. Doc. 22]. On December 10, 2008, the Court issued an Order providing Castille an opportunity to submit evidence outside the administrative record. The court simply limited the submission of evidence to that relating "to interpreting the plan or explaining medical terms and procedures relating to the claim," as required by the Fifth Circuit in Vega. See Rec. Doc. 23. Yet, when Castille filed his brief on the merits, he failed to submit any expert testimony to support his claim.[2]

Accordingly, the Court must utilize the general rule and confine its review to the administrative record. The plan administrator's decision can be reversed only in the absence of substantial evidence to support the plan administrator's decision. "Substantial evidence" is defined as "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Weary v. Astrue, 2008 WL 3820989, 4 (5th Cir. 2008) (citing Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)).

III. ANALYSIS

---

[2]Castille was given ample opportunity to obtain expert testimony to support his claim. The case was filed in July 2005, but no motions or briefs were ever filed until November 18, 2008, almost three and a half years later, despite two Orders by the court directing the parties to file joint stipulations and their briefs on the merits. On December 10, 2008, the Court issued its second Scheduling Order which specifically allowed Castille to submit evidence from outside the administrative record. However, Castille filed his "Brief on the Merits" without such evidence and requested additional time to file expert medical opinions. [Rec. Doc. 23]. His request for additional time was denied as he was unable to demonstrate why the failure to obtain such opinions during the prior three and a half years should be excused or why additional time was warranted in this matter.

It is undisputed that the Blue Cross Plan excluded coverage for "Pre-Existing Conditions" until April 22, 2004. See AR 003; Rec. Doc. 26. It is also undisputed that Castille was diagnosed with hypertension prior to issuance of the Blue Cross Plan and was being treated with high blood pressure medication on the effective date of the plan. [Rec. Doc. 24, 224, 225]. In denying Castille's claims, Blue Cross referred to Castille's medical records dated March 29, 2004, which indicated that he had been suffering from "hypertension for approximately three years and had been prescribed and was taking medication to treat the condition within six months of his enrollment date." [AR 203, 205]. Thus, the only question that remains at issue is whether "malignant hypertension" constitutes a "Pre-Existing Condition" under the policy.

As discussed above, the Court must give deference to Blue Cross's determination that Castille was not eligible for benefits with respect to the March 2004 incident. An "abuse of discretion" will be found only if the decision was arbitrary and capricious. Castille repeatedly argues that "malignant hypertension" is unrelated to ordinary high blood pressure. However, there is no evidence in the record to support Castille's claim. The medical records contain numerous references to "hypertension," "uncontrolled hypertension," "high blood pressure," "essential hypertension" and "malignant hypertension." See e.g., AR 004, 104, 107-111, 120, 125, 132, 146, 149, 171, 189, 196. The terms are not distinguished and seem to be used interchangeably. There is no reference to a new diagnosis or onset of "malignant hypertension." Rather, it can reasonably be inferred that the references to "uncontrolled hypertension" or "malignant hypertension" are exacerbations of Castille's ongoing battle with hypertension, or ordinary high blood pressure.

Castille did not present any expert medical testimony or other evidence either during his appeal to Blue Cross or to this Court, despite the opportunity to do so. Accordingly, after a thorough

review of the record, this Court is unable to say that Blue Cross's decision was "arbitrary and capricious." See Sweatman v. Commercial Union Ins. Co., 39 F.3d 594, 601 (5th Cir. 1994). Rather, the Court agrees with Blue Cross that the Administrative Record supports a finding that "malignant hypertension" is a "Pre-Existing Condition" as defined by the Plan.

## IV. CONCLUSION

In the absence of any medical records or expert medical testimony supporting Castille's allegations that "malignant hypertension" is unrelated to ordinary high blood pressure, Blue Cross's decision to refuse payment with respect to Castille's March 2004 medical expenses is supported by substantial evidence. Therefore, applying the standards set forth above, the court finds that Blue Cross did not abuse its discretion and its decision should be affirmed.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this ⏷ day of January, 2009.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE